UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA RAE GONZALEZ-WELCH,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:17-cv-01620-FJS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER § 406(b) OF THE SOCIAL SECURITY ACT<br><br>(ECF No. 19.) |

Currently before the court is Petitioner Young Yim's ("Petitioner"), motion for attorney fees under 42 U.S.C § 406(b), based on services provided to Plaintiff Rebecca Rae Gonzalez-Welch ("Plaintiff") in the above captioned social security matter. (ECF No. 19.) For the reasons explained below, the court grant's Petitioner request for attorney's fees in the amount of $39.981.95. The court further orders Petitioner to remit to Plaintiff $7,963.20 in previously awarded attorney's fees under the Equal Access to Justice Act.

I. BACKGROUND

On March 28, 2019, this court found that the Administrative Law Judge's social security disability determination for Plaintiff warranted reversal and remanded the matter to the Administrative Law Judge for further proceedings. (ECF No. 14.)

On June 30, 2019, the court granted the parties' stipulation for an award of attorney's fees in the amount of $7,963.20, pursuant to section 2412(d) of the Equal Access to Justice Act. 28

U.S.C. § 2412(d). (*See* ECF No. 17.)

On June 1, 2021, the Social Security Administration issued a partially favorable decision in favor of Plaintiff. (ECF No. 21.)

On May 7, 2026, the Social Security Administration issued a notice indicating that the agency had withheld past-due benefits in the amount of $159,927.80 to pay representatives.[1] (ECF No. 21-1 at 7.)

On May 28, 2026, Petitioner filed a notice of motion for approval of $39,981.95 in attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 19.) Petitioner states that they will remit $7,963.20 in fees awarded under the Equal Access to Justice Act following the undersigned's approval of the petition for fees under 42 U.S.C § 406(b). (*Id.*) Petitioner further highlights that the requested fee award would not exceed the twenty-five percent (25%) contingency fee that Plaintiff had agreed to at the onset of the social security case on appeal. (*Id.*)

On June 10, 2025, Defendant, the Commissioner of Social Security ("Defendant") as a *de facto* trustee for Plaintiff filed a response to the pending motion. (ECF No. 25.) Defendant neither supports nor opposes Petitioner's motion for attorney's fees. (*Id.*) Yet Defendant requests that any order given by this court specify that fees awarded under 42 U.S.C. § 406(b) are to be paid out of Plaintiff's past due benefits. (*Id.*)

On June 26, 2026, the court ordered Plaintiff to file a response to the pending motion for attorney's fees by July 10, 2026. (*See* ECF No. 26.) On July 10, 2026, Petitioner informed the court that despite multiple attempts to inform Plaintiff of her right to object to the motion and document her position on the pending motion accordingly, Petitioner did not receive a response. (*See* ECF No. 27.)

[1] The Social Security Administration's notice of change in benefits states that the Social Security Administration withheld $159,927.80, which was twenty-five percent of past-due benefits to pay her representative. (ECF No. 21-1 at 9.) Petitioner indicates that $159,927.80, actually represents the total past due benefits awarded to Plaintiff. (ECF No. 21.) During a May 12, 2026, phone call to the agency, Petitioner further confirmed that $159,927.80 is the proper award of benefits to Plaintiff, despite it being mislabeled in Social Security Administration's notice. (*Id.*)

## II. LEGAL STANDARD

An attorney is entitled to reasonable fees for successfully representing social security claimants in district court.

"Whenever a court renders judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."

42 U.S.C. § 406 (b)(1)(A). Rather than being paid by the government, the claimant pays fees under section 406(b) from the awarded past due benefits. *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)).

The twenty-five percent statutory maximum fee is not an automatic entitlement; the court must ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). In determining whether counsel met their burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. *Crawford, 586 F.3d at 1151.* A "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.*

Lastly, "[w]here the claimant's attorney receives fees for the same work under both 42. U.S.C § 406(b) and 28 U.S.C §2412, the claimant's attorney must refund to the claimant the amount of the smaller fee." *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215 (9th Cir. 2012).

III. DISCUSSION

A. Attorney's Fees Under Section 406(b)

Here the court finds that the character of the representation and the results achieved weighs in favor of finding that Petitioner's request for attorney's fees is reasonable.

Plaintiff entered into a contingency-fee agreement with Petitioner that provides:

"If the case is remanded by the United States District Court to the Social Security Administration for further administrative proceedings, the law firm agrees to continue representation. If the claimant is awarded past due benefits by the Appeals Council or an Administrative Law Judge, the law firm may apply for fees under § 406(a) and/or §406(b). These fees will not exceed 25% of the back due benefits to claimant and their family."

(ECF No. 21-1 at 2.) Petitioner's declaration and exhibits attached in support of the pending motion demonstrate that upon remand the Social Security Administration found that Plaintiff was disabled from October 30, 2011, through March 15, 2019, and was due $159,927.80 in retroactive benefits. (ECF No. 21-1 at 29.)

This court has recently explained that even high effective hour rates that yield attorney fees that are seemingly large in comparison to the time spent on the case may nonetheless be reasonable based on the duration of the litigation, the results achieved, and the lack of evidence suggesting dilatory conduct or windfall to the petitioning attorney. *See Sanchez v. Comm'r of Soc. Sec.,* No. 1:21-CV-01177-SAB, 2025 WL 2160867, at *4 (E.D. Cal. July 30, 2025).

As an initial matter, the court recognizes that Plaintiff signed an attorney's fee agreement that allowed for Petitioner to apply for twenty-five percent (25%) of back due payments/past due benefits the Social Security Administration awarded. (ECF No. 21-1 at 2.) Additionally, there is no indication that the character of Petitioner's representation was insufficient or dilatory in nature. Furthermore, Defendant, acting as a *de facto* trustee in this matter, does not identify any instances of substandard representation that would require the undersigned to reduce the award. (*See* ECF No. 25.)

The docket reflects that Petitioner filed effective briefing in a timely manner. (*See* Dkt.) Plaintiff's matter was in this court for approximately one year and four months before the

assigned magistrate judge ordered reversal and remand of the Social Security Administration's denial of benefits. (ECF No. 14.) Petitioner documents 42.80 hours of work performed on this matter from November 11, 2017, to May 20, 2019 (ECF No. 21-1 at 2, 5.) Here, an award of $39,981.95 for 42.80 hours of attorney work translates to an effective hourly rate of approximately $934.16.

Moreover, Petitioner's billing log omits clerical entries. This omission is "in line with the efficient billing practice" that judges in the Ninth Circuit have encouraged attorneys to follow. *Brazile v. Comm'r of Soc. Sec.,* No. C:18-5914-JLR, 2022 WL 503779 (W.D. Wash. Feb. 18, 2022) (collecting cases). The court further notes that Petitioner secured a favorable decision for Plaintiff. *See Crawford,* 586 F.3d at 1145-46 (granting petitioner $24,000 in attorney's fees as compensation for 26.9 hours of attorney time and 2.6 hours of paralegal time after agency awarded plaintiff $172,223.00 in past-due benefits).

While Petitioner's requested award seeks the maximum contingency fee under section 406(b) at twenty-five percent (25%), the actual hourly rate of $934.16 in this case is below hourly rates awarded to counsel in similar cases. *See Jacomet v. Kijakazi,* No. 2:18-cv-0199 DB, 2023 WL 5723085, at *2 (E.D. Cal. 2025) (granting counsel's motion for only 21% of back due benefits for 15.1 hours of work, which amounted to an effective hourly rate of $2,005.06 per hour). The court further notes that this court previously awarded Petitioner and Petitioner's co-counsel of record, Shanny J. Lee, twenty-five percent (25%) of past due benefits by this court in the amount of $43,974.00, in a separate social security matter. *See Malta v. Comm'r of Soc. Sec.,* No. 1:18-CV-00415-CDB, 2024 WL 3618430 (E.D. Cal. Aug. 1, 2024). Given Plaintiff's failure to objection in this matter, the results obtained, the risk assumed by Petitioner in representing Plaintiff, and the duly executed contingency fee agreement, the court finds that the requested award is reasonable.

B. <u>Remittance of Equal Access to Justice Act Fees to Plaintiff</u>

Pursuant to this order Petitioner will have received Equal Access to Justice Act fees (ECF No. 17) *and* fees under Section 406(b) for the "same work" in this action. Therefore, if Petitioner has not already done so, Petitioner must "refun[d] to the claimant the amount of the smaller fee"

awarded. *See Gisbrecht,* 535 U.S. at 789 ("Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee."). Here, Petitioner must refund to the claimant the previously awarded Equal Access to Justice Act fees in the amount of $7,963.20. (ECF No. 17.)

IV. CONCLUSION AND ORDER

For the reasons stated above, it is HEREBY ORDERED that:

(1) Petitioner's motion for attorney's fees (ECF No. 19) in the amount of $39,981.95, is GRANTED; and

(2) The funds shall be paid to Petitioner out of the funds withheld by the Social Security Administration; and

(3) Petitioner shall remit attorney's fees awarded under the Equal Access to Justice Act in the amount of $7,963.20, pursuant to 28 U.S.C 2412(d).

IT IS SO ORDERED.

Dated: **July 14, 2026**

UNITED STATES MAGISTRATE JUDGE